IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT EARL TIPPENS,  )
  )
    Plaintiff,  )
  )
v.  )  Civil Action No. 3:19CV369–HEH
  )
VIRGINIA DEPARTMENT OF  )
CORRECTIONS, *et al.*,  )
  )
    Defendants.  )

## MEMORANDUM OPINION
(Dismissing Action)

Robert Earl Tippens, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The matter is before the Court on Tippens's failure to exhaust his administrative remedies with respect to Claim G against Defendant Edwards and Tippens's failure to serve Defendant Martines in a timely manner. For the reasons set forth below, the claims against Defendant Edwards and Martines will be dismissed without prejudice.

### I. Pertinent Procedural History and the Dismissal of Claim G Against Edwards

By Memorandum Order entered on August 26, 2020, the Court filed Tippens's Second Amended Complaint and the Marshal attempted to serve Defendant Martines, who had not previously been served.[1] In the Second Amended Complaint (ECF No. 35),

---

[1] Tippens has filed a Motion to Dismiss the Second Amended Complaint because he had not sought leave of the Court to file Second Amended Complaint. (ECF No. 107.) Nevertheless, the Court granted Tippens leave to file the Second Amended Complaint by Memorandum Order

Tippens alleged that he has "a rare, multiple food allergy condition." (*Id.* at 3.)[2] Tippens asserted that he was entitled to relief upon the following grounds:

| | |
|---|---|
| Claim A | Dr. Cortez Hernandez Martines violated Tippens's constitutional rights by failing to adequately and timely test Tippens to diagnose his food allergies. (*Id.* at 4.) |
| Claim B | The Virginia Department of Corrections ("VDOC") violated Tippens's Eighth Amendment rights by continuing to "accidently feed" Tippens food contrary to Tippens's "multiple food allergen condition." (*Id.*) |
| Claim C | Food Service Supervisor Powell violated Tippens's Eighth Amendment rights by following the VDOC special food diet guidelines and serving Tippens rice and potatoes for every meal. (*Id.* at 5.) |
| Claim D | The VDOC violated Tippens's rights because its special diet guidelines, as applied to Tippens, results in Tippens consuming rice and potatoes at every meal, which endangers Tippens's health. (*Id.*) |
| Claim E | On May 6, and June 11, 2019, Food Service Supervisor Malone violated Tippens's rights by serving Tippens grits when Tippens is allergic to corn and then replacing the grits with potatoes. (*Id.*) |
| Claim F | Food Service Director Morgan violated Tippens's rights by telling him that the two times he was served butter, which contained soy, to which Tippens was allergic, was an honest mistake. (*Id.* at 6.) |
| Claim G | On June 12, 2019, Defendants Hudgins and Edwards, because they were biased against Tippens, served Tippens ground chicken, while the rest of the population received "real chicken." (*Id.*) |

---

entered on August 26, 2020. Accordingly, Tippens's Motion to Dismiss the Second Amended Complaint (ECF No. 107) will be DENIED.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions. The Court corrects the spelling of the defendants' names in accordance with the spelling set forth in the Memorandum in Support of the Motion for Summary Judgment. (ECF No. 51, at 1–2.)

Defendants VDOC, Powell, Malone, Morgan, Robinson, and Hudgins (collectively, "Defendants") moved for summary judgment on the grounds that, *inter alia*, Tippens failed to exhaust his administrative remedies. By Memorandum Opinion and Order entered on September 9, 2020, the Court granted Defendants' Motion for Summary Judgment on ground that Tippens had failed to exhaust his administrative remedies *prior* to filing the action. *Tippens v. Virginia Dep't of Corr.*, No. 3:19CV369-HEH, 2020 WL 5414759, at *6 (E.D. Va. Sept. 9, 2020). The Court dismissed without prejudice Claims B through G against Defendants VDOC, Powell, Malone, Morgan, Hudgins, and Robinson. *Id.* at *7. The Court noted that:

> The Second Amended Complaint corrected the spelling of the names of the [sic] some of the defendants and added Defendant Edwards as a defendant to Claim G. It is apparent from the record before the Court that Claim G against Defendant Edwards is subject to dismissal because Tippens failed to exhaust his administrative remedies prior to filing the action. Accordingly, within twenty (20) days of the date of entry hereof, Tippens must demonstrate why Claim G against Defendant Edwards should not be dismissed for lack of exhaustion. *See Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 661 (4th Cir. 2017) ("[D]istrict courts may enter summary judgment sua sponte 'so long as the losing party was on notice that she had to come forward with all of her evidence.'" ((quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986))); Fed. R. Civ. P. 56(f).

*Id.* (alteration in original).

Tippens responded, but failed to demonstrate that he exhausted Claim G prior to filing this action. Accordingly, Claim G against Defendant Edwards will be dismissed without prejudice because Tippens failed to exhaust his administrative remedies with respect to that claim prior to filing the action.

3

## II. Failure to Timely Serve Defendant Martines

Pursuant to Federal Rule of Civil Procedure 4(m), Tippens had 90 days from the filing of the Second Amended Complaint on August 26, 2020 to serve the Defendant Martines. More than 90 days elapsed and Tippens failed to serve Defendant Martines. Accordingly, by Memorandum Order entered on December 21, 2020, the Court directed Tippens, within eleven (11) days of the date of entry thereof, to show good cause why Claim A should not be dismissed for his failure to serve Defendant Martines in the time required by Rule 4(m).

Tippens responded and asserts that he does not have a current address for Defendant Martines. Tippens also suggests the Covid–19 crisis has somehow impacted his ability to timely serve Defendant Martines. Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 90-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases). Tippens has not made "reasonable, diligent efforts to effect service on the defendant." *Venable*, 2007 WL 5145334, at *1 (quoting *Hammad*, 31 F. Supp. 2d at 528). Tippens fails to demonstrate good cause for his failure to serve Defendant Martines. Accordingly,

4

Claim A against Defendant Martines will be dismissed without prejudice. Tippens's Motion to Show Good Cause (ECF No. 115) will be denied.

### III. Conclusion

Tippens's Motion to Dismiss the Second Amended Complaint (ECF No. 107) will be denied. Claim A against Defendant Martines and Claim G against Defendant Edwards will be dismissed without prejudice. Tippens's Motion to Show Good Cause (ECF No. 115) will be denied. The parties' outstanding motions and requests (ECF Nos. 105, 109, 110) will be denied as moot. The action will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Jan. 19, 2021
Richmond, Virginia